ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **KARINA RÍOS RIVERA**<br><br>Recurrente<br><br>v.<br><br>**DEPARTAMENTO DE EDUCACIÓN**<br><br>Recurrido | KLRA202400057 | **REVISIÓN** procedente de la Oficina de Apelaciones del Sistema de Educación<br><br>Caso Núm: **2017-12-0331**<br><br>Sobre: Reclutamiento |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 19 de marzo de 2024.

La señora Karina Ríos Rivera (señora Ríos Rivera o recurrente) comparece ante nos y solicita que revoquemos la *Resolución* emitida por la Oficina de Apelaciones del Sistema de Educación (OASE), el 6 de diciembre de 2023. Mediante la misma, la OASE desestimó con perjuicio la reclamación instada por la señora Ríos Rivera.

### I.

Según surge del expediente, la señora Ríos Rivera se desempeña como maestra en el Departamento de Educación de Puerto Rico. Como parte de un proceso apelativo ante la OASE, relacionado a un nombramiento en una plaza en determinado plantel escolar, el 15 de noviembre de 2021, dicha agencia le ordenó a la señora Ríos Rivera notificar su interés en la continuación de los procedimientos, lo cual cumplió.

El 6 de septiembre de 2023, el Departamento de Educación presentó una *Moción en Solicitud de Orden* ante la OASE. En esta, adujo que recibió información proveniente del área de Recursos Humanos, relacionada a un nombramiento de la señora Ríos Rivera

en una plaza regular como maestra de educación en mercadeo en la Región Educativa de San Juan. Por tanto, requirió al foro administrativo que ordenara a la señora Ríos Rivera informar si lo anterior era correcto y, de ser así, si poseía interés en continuar con el pleito de referencia. Ello, al entender que, con el nombramiento en propiedad, la causa de acción era académica.

El 12 de septiembre de 2023, la OASE dictó otra *Orden*, concediéndole 15 días a la señora Ríos Rivera para expresarse en torno al hecho alegado por el Departamento de Educación sobre su nombramiento en propiedad. Este pronunciamiento fue notificado a las partes y a la dirección de correo electrónico del licenciado Javier N. Curet Rivera, representación legal de la señora Ríos Rivera, más no a ésta última directamente a su dirección de récord.

Así las cosas, el 6 de diciembre de 2023, la OASE emitió la *Resolución* recurrida, en la cual expuso: "Por incumplimiento de las órdenes por la parte apelante se **desestima con perjuicio** la presente reclamación y se decreta el **CIERRE Y ARCHIVO** del caso." (Énfasis en el original).

Inconforme, la señora Ríos Rivera incoó una *Moción en Reconsideración* ante la OASE. En su escrito, el licenciado Curet Rivera alegó que su incomparecencia e incumplimiento con la orden del 12 de septiembre de 2023 se debió a un error o inadvertencia relacionado con su correo electrónico. Solicitó las excusas de la agencia y resaltó que la señora Ríos Rivera interesaba continuar con la reclamación de referencia.

Transcurrido el término para que la OASE atendiera la antedicha solicitud de reconsideración, la señora Ríos Rivera instó el recurso de revisión judicial que nos ocupa. En este alega que el foro administrativo incurrió en el siguiente error:

> Erró la OASE al emitir Resolución mediante la cual desestimó el caso de epígrafe, por un alegado incumplimiento con una Orden del 12 de septiembre de

2023, mediante la cual se le ordenaba a la parte recurrente expresar si aún posee interés en el presente caso.

**II.**

En la presente causa, la señora Ríos Rivera objeta la decisión de la OASE de desestimar su apelación por un único incumplimiento que surgió por error e inadvertencia.

En atención al recurso y a los planteamientos esbozados por la señora Ríos Rivera, este foro apelativo le ordenó a la parte recurrida, entiéndase el Departamento de Educación, presentar su alegato. El 1 de marzo de 2024, esta compareció en *Escrito en Cumplimiento de Resolución*, representada por la Oficina del Procurador General de Puerto Rico y expuso lo siguiente:

> Tomando como cierto que las órdenes no fueron debidamente notificadas a la recurrente, era improcedente la desestimación de su apelación. Asimismo, de haber sido debidamente notificadas, tampoco procedía el dictamen desestimatorio recurrido sin una previa orden de mostrar causa e imposición de sanción económica, de conformidad con la Sección 3.21 de la LPAUG y la Sección 10.10 del Reglamento de OASE.

En esencia, el Departamento de Educación alega que, ante los hechos particulares del caso, este Foro debe devolverlo a la OASE para la continuación de los procedimientos.

Toda vez que el Departamento de Educación está de acuerdo con el remedio solicitado por la recurrente y este Tribunal entiende que dicho proceder constituye el desenlace adecuado y correcto en derecho, revocamos la *Resolución* aquí impugnada. Consecuentemente, devolvemos el caso a la OASE para la continuación de los procedimientos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones